UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JO ALICE WHITE,                          No. 2:02-cv-00225-MCE-EFB

      Plaintiff,

   v.                                    <u>FINAL PRETRIAL ORDER</u>

MCI WORLDCOM, a California               TRIAL DATE: **October 25, 2010**
corporation, et al.,                     TIME: **9:00 a.m.**

      Defendants.
_____/

    Pursuant to Court Order, a Final Pretrial Conference was held on August 26, 2010.  Jesse Ortiz appeared as counsel for Plaintiff.  Arthur Smith appeared as counsel for Defendants. After hearing, the Court makes the following findings and orders:

    I.  <u>JURISDICTION/VENUE</u>

    Jurisdiction is predicated upon 28 U.S.C. § 1332(a)(3). Jurisdiction and venue are not contested.

    II.  <u>JURY</u>

    Plaintiff timely demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

///

1

III.   UNDISPUTED FACTUAL ISSUES

1.    Dynamic Technical Services and MCI Worldcom entered into a master services agreement for Dynamic to provide technical staffing when requested by MCI Worldcom for work at its facilities or on its projects.

2.    One project MCI requested installation technicians on was in Sacramento, California.

3.    Dynamic Technical Services hired Ms. White and assigned her to provide installation services to MCI Worldcom.

4.    Ms. White began working on the project in or about January 2000.

5.    On or about January 3, 2001, Ms. White was terminated by Dynamic Technical Services.

IV.   DISPUTED FACTUAL ISSUES

The remaining claims for trial are:

1.    Whether during her employment with Dynamic Technical Services Plaintiff was subjected to sexual harassment and discrimination because of her gender;

2.    Whether Ms. White was terminated from her employment with Dynamic Technical Services because she complained of sexual harassment and discrimination;

3.    Whether Plaintiff ever complained of the alleged harassment and discrimination to Dynamic Technical Services;

4.    Whether DTS had any control over MCI's ability or decision to release Plaintiff; and

5.    Whether there were any positions available for DTS to assign Plaintiff after she was released by MCI.

///

2

1    All issues of fact remaining in dispute are subject to proof
2  at the time of trial.

3    V.   <u>WITNESSES</u>

4    Plaintiff anticipates calling the witnesses listed on
5  Attachment "A".

6    Defendants anticipate calling the witnesses listed on
7  Attachment "B".

8    Each party may call a witness designated by the other.

9    A.   No other witnesses will be permitted to testify unless:

10    (1)   The party offering the witness demonstrates that
11  the witness is for the purpose of rebutting evidence which could
12  not be reasonably anticipated at the Final Pretrial Conference,
13  or

14    (2)   The witness was discovered after the Final
15  Pretrial Conference and the proffering party makes the showing
16  required in "B" below.

17    B.   Upon the post-pretrial discovery of witnesses, the
18  attorney shall promptly inform the Court and opposing parties of
19  the existence of the unlisted witnesses so that the Court may
20  consider at trial whether the witnesses shall be permitted to
21  testify.   The evidence will not be permitted unless:

22    (1)   The witnesses could not reasonably have been
23  discovered prior to pretrial;

24    (2)   The Court and opposing counsel were promptly
25  notified upon discovery of the witnesses;

26    (3)   If time permitted, counsel proffered the witnesses
27  for deposition;

28  ///

1          (4)   If time did not permit, a reasonable summary of

2    the witnesses' testimony was provided by opposing counsel.

3         VI.   <u>EXHIBITS - SCHEDULES AND SUMMARIES</u>

4         At present, Plaintiff contemplates by way of exhibits those

5    listed on Attachment "C".

6         At present, Defendants contemplate by way of exhibits those

7    listed on Attachment "D".

8         **Plaintiff's exhibits shall be listed numerically.**

9    **Defendants' exhibits shall be listed alphabetically.**  The parties

10   shall use the standard exhibit stickers provided by the Court

11   Clerk's Office:  pink for Plaintiff and blue for Defendants.

12   After three letters, note the number of letters in parenthesis

13   (i.e., "AAAA(4)" to reduce confusion during the trial.  All

14   multi-page exhibits shall be stapled or otherwise fastened

15   together and each page within the exhibit shall be numbered.  All

16   photographs shall be marked individually.  The list of exhibits

17   shall not include excerpts of depositions which may be used to

18   impeach witnesses.

19        Each party may use an exhibit designated by the other.  In

20   the event that Plaintiff and Defendants offer the same exhibit

21   during trial, that exhibit shall be referred to by the

22   designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions

23   the parties to pay attention to this detail so that all

24   concerned, including the jury, will not be confused by one

25   exhibit being identified with both a number and a letter.

26   ///

27   ///

28   ///

4

1    A.   No other exhibits will be permitted to be introduced

2 unless:

3         (1)   The party proffering the exhibit demonstrates that

4 the exhibit is for the purpose of rebutting evidence which could

5 not be reasonably anticipated at the Pretrial Scheduling

6 Conference, or

7         (2)   The exhibit was discovered after the Pretrial

8 Scheduling Conference and the proffering party makes the showing

9 required in paragraph "B", below.

10   B.   Upon the post-pretrial discovery of exhibits, the

11 attorneys shall promptly inform the Court and opposing counsel of

12 the existence of such exhibits so that the Court may consider at

13 trial their admissibility.  The exhibits will not be received

14 unless the proffering party demonstrates:

15         (1)   The exhibits could not reasonably have been

16 discovered prior to pretrial;

17         (2)   The Court and counsel were promptly informed of

18 their existence;

19         (3)   Counsel forwarded a copy of the exhibit(s) (if

20 physically possible) to opposing counsel.  If the exhibit(s) may

21 not be copied, the proffering counsel must show that he has made

22 the exhibit(s) reasonably available for inspection by opposing

23 counsel.

24 ///

25 ///

26 ///

27 ///

28 ///

C.   As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) by **October 12, 2010.**  The attorney or representative for each party is directed to present the original and two (2) copies of the exhibit(s) and exhibit list to the Court Clerk's Office, no later than **3:00 p.m., October 12, 2010,** or at such earlier time as may be ordered by the Court.  **NO EXCEPTIONS.**

D.   **The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.**

VII.  DISCOVERY DOCUMENTS

A.   Filing Depositions.  It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court.  In addition, two unmarked copies of the transcripts must be delivered to the Court Clerk's Office.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B.   Use of Depositions.  The parties are ordered to file with the Court and exchange between themselves by **October 12, 2010** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

///

6

1    C.   Interrogatories.  The parties are ordered to file with

2  the Court and exchange between themselves by **October 12, 2010** the

3  portions of Answers to Interrogatories which the respective

4  parties intend to offer or read into evidence at the trial

5  (except portions to be used only for impeachment or rebuttal).

6    VIII.   FURTHER DISCOVERY OR MOTIONS

7    Pursuant to the Court's Pretrial Scheduling Order, all

8  discovery and law and motion was to have been conducted so as to

9  be completed as of the date of the Final Pretrial Conference.

10 That Order is confirmed.  The parties are free to engage in

11 informal agreements regarding discovery and law and motion

12 matters.  However, any such agreements will not be enforceable in

13 this Court.

14   IX.   AGREED STATEMENTS - JOINT STATEMENT OF CASE

15   It is mandatory the parties shall file a short, jointly-

16 prepared statement concerning the nature of this case that will

17 be read to the jury at the commencement of trial (**NO EXCEPTIONS**).

18 The joint statement of the case shall include in plain concise

19 language the claims of Plaintiff and claims of other parties, if

20 any, and the corresponding defenses to the claims.  The purpose

21 of the joint statement of the case is to inform the jury at the

22 outset, what the case is about.  The statement must be filed with

23 the Court by **October 12, 2010**.

24 ///

25 ///

26 ///

27 ///

28 ///

7

1    X.   PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM

2    A.   Jury Instructions

3    Counsel are directed to meet and confer and to attempt to
4  agree upon a joint set of jury instructions.  Counsel shall use
5  the Ninth Circuit Model Jury Instructions and any revisions.
6  Alternate instruction or authority may only be used if a Ninth
7  Circuit Model Jury Instruction is unavailable.  The joint set of
8  instructions must be filed by **October 12, 2010** and shall be
9  identified as the "Jury Instructions Without Objection."

10   All instructions shall be, to the extent possible, concise,
11 understandable, and free from argument.  See Local Rule 163(c).
12 Parties shall also note that any modifications of instructions
13 from statutory authority, case law or from any form of pattern
14 instructions must specifically state the modification by
15 underlining additions and bracketing deletions.

16   B.   Verdict Form

17   The parties must file a joint verdict form(s) concurrently
18 with proposed jury instructions by **October 12, 2010.**  If
19 necessary, a special verdict or interrogatories shall be included
20 for all factual disputes submitted to the jury that must be
21 resolved before questions of law can be decided, and for any
22 other issue on which specific responses are desired.  See Local
23 Rule 163(e).

24 ///
25 ///
26 ///
27 ///
28 ///

8

1    C.   <u>Voir Dire</u>

2         The parties shall submit proposed voir dire questions to the

3    Court.  The Court reserves the right to conduct all examination

4    of prospective jurors.  Notwithstanding this reservation, the

5    Court will permit each side up to ten (10) minutes to conduct

6    voir dire, if desired.  The voir dire questions shall be filed

7    with the Court by **October 12, 2010.**

8    D.   <u>Submission of Documents to the Court</u>

9         At the time of filing their respective proposed jury

10   instructions, verdict form(s), and voir dire questions, counsel

11   shall also electronically mail to the Court in digital format and

12   compatible with Microsoft Word or WordPerfect, the proposed jury

13   instructions and verdict form(s).  **These documents should be sent**

14   **to mceorders@caed.uscourts.gov.**

15   XI.  <u>AUDIO/VISUAL EQUIPMENT</u>

16        The parties are required to **file electronically** a joint

17   request to the Courtroom Deputy Clerk, Stephanie Deutsch, by

18   **October 4, 2010** if they wish to reserve and arrange for

19   orientation with all parties on the Court's mobile audio/visual

20   equipment for presentation of evidence.  There will be one date

21   and time for such orientation.

22   XII. <u>DATE AND LENGTH OF TRIAL</u>

23        A trial is scheduled for **October 25, 2010.**  The estimated

24   length of trial is **two (2) days.**  The trial will consist of **seven**

25   **(7) jurors.**  Counsel are to email Stephanie Deutsch, Courtroom

26   Deputy Clerk, at mceorders@caed.uscourts.gov, or call at (916)

27   930-4207, by **October 12, 2010** to ascertain the status of the

28   trial date.

9

1      XIII.   <u>OBJECTIONS TO PRETRIAL ORDER</u>

2      Each party is granted five (5) court days from the date of

3 this Final Pretrial Order to object to any part of the order or

4 to request augmentation to it.  A Final Pretrial Order will be

5 modified only upon a showing of manifest injustice.  If no

6 objection or modifications are made, this Order will become final

7 without further order of the Court and shall control the

8 subsequent course of the action, pursuant to Rule 16(e) of the

9 Federal Rules of Civil Procedure.

10      IT IS SO ORDERED.

11 Dated: September 2, 2010

14 MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE